UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **JAMES BARBER,** | **CIVIL ACTION NO. 5:21-213-KKC-EBA** |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| **MILBANK INSURANCE CO.,** | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

On December 14, 2022, this matter was before the Court at a bench trial. The Court found for the defendant Milbank Insurance Company and issued its findings of fact and conclusions of law and a corresponding judgment on February 17, 2023. (DEs 59, 60). Plaintiff James Barber now moves the Court to open the judgment and hear testimony from his expert witness, for a new trial, and to amend the judgment pursuant to FRCPs 59 and 52. (DE 61). For the following reasons, the Court will DENY the motions.

Because the Court detailed the facts of this case extensively in its findings and conclusions, it will not do so now. (*See* DE 59). What matters here is that Barber makes two primary arguments in support of his motions, which the Court will address in turn.

### I. Legal Standard

Under Rule 59(e), a judgment can be set aside or amended for one of four reasons: (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in the controlling law; or (4) to otherwise prevent manifest injustice. *Kentucky Forward LLC v. Short*, No. 5:15-CV-6-JMH, 2017 WL 190092, at \*2 (E.D. Ky. Jan. 17, 2017) (citing *ACLU of Ky. v. McCreary Cty., Ky.*, 607 F.3d 439, 450 (6th Cir. 2010)). The grant or denial

of a Rule 59(e) motion "is within the informed discretion of the district court." *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 832 (6th Cir. 1999). Rule 59(a) allows a party to move for a new trial following a bench trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Like Rule 59(e) motions, those made pursuant to Rule 59(a) "lie within the sound discretion of the trial court." *Short*, 2017 WL 190092, at *3 (citation removed).

Rule 52(b) motions often accompany Rule 59 motions. This Rule states that the Court "may amend its findings—or make additional findings—and may amend the judgment accordingly." FRCP 52(b). The standard for Rule 52 and Rule 59 motions is the same. *Johnson v. Bottom*, No. 3:15-CV-309-CHB, 2019 WL 2061967, at *1 (W.D. Ky. May 9, 2019).

Rule 59 motions are not substitutes for appeals and are not opportunities to re-argue a case. More specifically, Rule 59 motions are "aimed at *re* consideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (cleaned up).

## II. Exclusion of Barber's expert witness

Barber argues that the Court's decision to exclude Barber's expert witness, Robert Byers, was a clear error of law. The primary thrust is that the Court's decision was improper given the matter was proceeding as a bench trial, not a jury trial. Though Barber is correct that the gatekeeping function of the Court is most important in jury trials, that does not mean that the Court must allow a party to present irrelevant and unreliable expert testimony in a bench trial.

The court has broad discretion in determining whether to admit expert testimony, and "[t]his discretion is particularly broad in a bench trial." *United States v. Demjanjuk*, 367 F.3d 623,

633 (6th Cir. 2004). Though the "usual concerns" about shielding a jury from unreliable expert testimony are not present in a bench trial, "experts must pass *Daubert* scrutiny before the Court may rely on their testimony." *Douglas v. United States*, No. CIV. 10-26-ART, 2011 WL 2633612, at *6 (E.D. Ky. July 5, 2011); *see also Robert B. Miller & Assocs., Inc. v. Am. Com. Lines LLC*, No. 5:09-CV-217, 2011 WL 3714777, at *2 (W.D. Ky. Aug. 23, 2011) ("The Court is still required, however, to consider only admissible and reliable expert testimony.").

Here, the Court was under no obligation to allow irrelevant and unreliable expert testimony that, to be frank, fell well below the *Daubert* standard. Barber's primary theory of the case was that the space heater that caused the fire vibrated and "walked" on its own, a journey involving several feet of movement and multiple changes of direction. For Byers' expert testimony to be relevant, it needed to have—at the very least—some semblance of a connection to the facts of the case. It did not.

Byers' deposition was rife with speculation and was unintelligible at times. (*See* DE 27 at 5). It was entirely unclear whether Byers had ever seen a heater like the one in this case move at all, much less whether he had ever seen a heater move in the manner required to align with the facts of this case. In fact, he stated that he had never seen a heater like the one in this case move forwards or backwards on its own. (DE 20 at 3). Under the facts of this case, even if the heater did move on its own it would have had to move forwards a few feet, at the very least. In short, nothing in Byers' testimony was relevant to the case before the Court and his inconsistent statements made the proposed testimony unreliable. Moreover, Barber did not give the Court an opportunity to clarify Byers' proposed testimony before trial. Byers did not attend the evidentiary hearing on the subject of his expert testimony. (DE 25).

Barber points to the language in the Court's opinion excluding Byers that referenced "a jury" or "the jury" and argues that the Court used an improper standard in deciding to exclude Byers' testimony. At the time of the Court's October 19, 2022 *Daubert* opinion, the matter was set for a jury trial. It was later converted to a bench trial. (*See* DE 48).

The Court's use of these words did nothing to impact or alter its analysis. For one, the proposed expert testimony was so irrelevant and unreliable that the Court must have excluded it no matter who sat as the factfinder. In all cases, experts must pass *Daubert* scrutiny. But more importantly, the time to raise these arguments has passed. *See Engler*, 146 F.3d at 374. Barber did not raise any issues as to the Court's *Daubert* opinion in his October 25 pretrial memorandum. (DE 44). Nor did he raise any of the arguments he now raises during the pretrial conference on November 21. (DE 48). And once the matter was converted to a bench trial, Barber did not raise any objections or arguments as to Byers' exclusion—nor the standard under which he was excluded—in the month before the trial. Moreover, Barber had the opportunity to raise these arguments after the trial when he submitted his proposed findings and conclusions. He did not. (*See* DE 57).

Accordingly, there was no clear error of law or manifest injustice here to warrant relief under Rule 59.

### III. Alleged Factual Errors in the Court's Findings and Conclusions

Barber also moves the Court to amend its findings of fact and conclusions of law pursuant to Rule 52 and 59. He disputes a particular passage in the Court's opinion which stated:

> The testimony of fire inspector James Kanavy, James Barber, and diagrams of the property show that **the heater would have had to move significantly in multiple directions (more than a few feet)** to end up positioned inside the bathroom closet, flame side inward. (See DE 55, Test. of James Kanavy, at 53-54; Ex. 8, diagram).

(DE 59 at 5) (emphasis added). Barber argues that because he testified that he moved the heater back about four feet, its front end in line with the closet opening, the Court's factual determination above was in error.

There was no error in the Court's finding, however. The evidence overwhelmingly showed that the final position of the heater was inside the closet, pointing inward. (*See* DE 55, Test. of James Kanavy, at 16, 19, 43, 45-47; Ex. 10, Origin and Cause Report). Even if the Court accepted Barber's testimony about moving the heater back as undisputed, the heater would still have had to move to the right and then at least a few feet forward into the closet. In short, the facts entirely support the Court's finding that the heater would have had to move more than a few feet on its own. The court will not amend its findings and conclusions because there is no clear error of fact.

## IV.

Accordingly, the Court hereby ORDERS that Barber's motions at (DE 61) are DENIED.

This 30th day of May, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY